UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY RYAN AGNO,

Plaintiff,

v.

PHH MORTGAGE COMPANY,

Defendant.

No. 2:26-cv-00011-DAD-CKD PS

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART

(Doc. Nos. 17, 24)

Plaintiff Randy Ryan Agno is proceeding *pro se* in the above-captioned civil action before this court. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On April 3, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss (Doc. No. 17) be granted and that plaintiff be granted leave to amend in part. (Doc. No. 24.) Specifically, the magistrate judge concluded that plaintiff's first amended complaint failed to state a cognizable RESPA claim for "dual tracking" and that in light of plaintiff's concession that the county recorder's office had never recorded a notice default the claim failed as a matter of law and could not be cured by way of amendment. (*Id.* at 5–8.) The magistrate judge also found that plaintiff's RESPA claim for failure to correct escrow account errors was deficient in that plaintiff had not alleged compliance with the mailing

requirements with respect to that claim, but that dismissal of as to that claim should be with leave to amend to allow plaintiff the opportunity to allege additional facts that might cure the noted deficiencies and to allow the parties to address in briefing whether actual receipt of responses by defendant was sufficient even if it was not alleged that the exclusive address requirement was met. (*Id.* at 6–8.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 10.) On April 23, 2026, the court received plaintiff's lengthy objections to the findings and recommendations which objections, including attachments, numbered 203 pages. (Doc. No. 25.) On May 7, 2026, defendant filed a response to plaintiff's objections. (Doc. No. 26.) The undersigned finds that plaintiff's detailed objections provide no legitimate basis upon which to reject the findings and recommendations for the reasons noted in defendant's pin-pointed response, including that much of the lengthy documentation attached by plaintiff to his objections is new, was not presented to the magistrate judge in connection with the pending motion to dismiss, and is irrelevant because it concerns events taking place after plaintiff filed his operative first amended complaint.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on April 3, 2026 (Doc. No. 24) are adopted in full;
2. Defendant's motions to dismiss (Doc. No. 17) plaintiff's first amended complaint is granted as follows:
    a. with leave to amend as plaintiff's RESPA claim for failure to correct escrow account errors;
    b. without leave to amend as to plaintiff's RESPA claim for "dual tracking;"
3. Plaintiff's second amended complaint in compliance with the magistrate judge's directives, or notice that plaintiff elects instead to voluntarily dismiss his federal

RESPA claim and request that this case be remanded to state court, is to be filed within thirty (30) days of the date of this order and plaintiff is forewarned that his failure to do so within the time provided may result in the dismissal of this action; and

4. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE